COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:  In the Interest of T.T.T., T.D.T., Jr., T.T., K.W., K.T., Children

Appellate case number: 01-15-00862-CV

Trial court case number: 2014-04561J

Trial court:    314th District Court of Harris County

   This is an accelerated appeal from a judgment in a suit in which the termination of the parent-child relationship is at issue ("parental termination case"). The reporter's record was filed on October 26, 2015, and the clerk's record was filed on November 11, 2015. *See* TEX. R. APP. P. 28.4(b). Thus, the appellant's brief was due by December 2, 2015. *See id.* 38.6(a)(1). On the day the brief was due, December 2, 2015, appellant's appointed counsel, Donald M. Crane, filed a notice of appearance and unopposed motion for a first extension of time to file the appellant's brief, requesting a thirty-four day extension until January 5, 2016.

   Appeals in parental termination cases are to be brought to final disposition within **180 days** of the date the notice of appeal is filed, so far as reasonably possible. *See* TEX. ST. JUD. ADMIN. R. 6.2(a) (West Supp. 2014). The notice of appeal was filed on October 10, 2015, in the trial court by appointed counsel for the mother, K.C.P., setting the 180-day compliance deadline for April 7, 2016. Because the notice of appeal was electronically filed on October 10, 2015, a Saturday, it is deemed timely filed in the trial court on October 12, 2015, twenty days after the September 21, 2015 final decree for termination was signed by the trial court. *See* TEX. R. APP. P. 4.1(a), 9.2(c)(4)(A), 26.1(b). Appellant has established indigence or is presumed indigent. *See id.* 20.1(a). Although appellant's counsel's motion is unopposed, the accelerated schedule in parental termination cases requires greater compliance with briefing deadlines and greater scrutiny of extension requests.

Appellant's counsel contends that an extension is needed because he needs additional time to review the records in this case, because he has been busy preparing the briefs in three other parental termination cases in this Court, two of which were also due on December 2, 2015, pending first extension requests, and the third one is due on December 7, 2015, in the Fourteenth Court of Appeals, and because he will be making several appearances in Harris County district courts. Because appellant's counsel asserts that an extension is necessary here, in part, since he is busy preparing the appellant's briefs in three other parental termination cases, and he properly provided the cause numbers, deadlines, and whether he has sought extensions in those cases, his extension request complies with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b)(1)(C), 38.6(d).

Accordingly, the appellant's motion for an extension of time to file appellant's brief is **GRANTED until January 5, 2016, but no further extensions will be granted absent extraordinary circumstances**. *See* TEX. R. APP. P. 38.6(d). If the appellant's brief is not filed by January 5, 2016, this case may be abated for the trial court to hold a hearing and appellant's appointed counsel, Donald M. Crane, may be required to show cause why he should not be relieved of his duties after a finding of good cause is rendered by the court on the record. *See* TEX. FAM. CODE ANN. § 107.016(2) (West Supp. 2014).

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
⌧ Acting individually ☐ Acting for the Court

Date: December 17, 2015